**UNITED STATES of America,**
**Appellee,**

v.

**Nick PIRGOUSIS, Frank Dolney, Quentin Quintana, Joseph Ferragamo, John Donadio, Rocco J. Donadio, Gary Todd, Mario Casais, Vladimir Ziskind, Defendants,**

**William G. Brown, Vlad Goldenberg, Defendants–Appellants.**

Nos. 06–5780–cr(L), 07–3298–cr(con).

United States Court of Appeals, Second Circuit.

Aug. 14, 2008.

Diarmuid White (Brendan White, of counsel), White & White, New York, NY, for Defendant–Appellant Brown.

Bobbi C. Sternheim, New York, NY, for Defendant–Appellant Goldenberg.

Tanya Hill (Jo Ann M. Navickas, of counsel), Assistant United States Attorneys for Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. ERIC N. VITALIANO, District Judge.[1]

## SUMMARY ORDER

The defendants William G. Brown and Vlad Goldenberg appeal from judgments of conviction and sentences after a jury trial for illegal conduct arising out of their participation in a "boiler room" stock operation on Staten Island. Brown was convicted of one count of securities-fraud conspiracy, five counts of substantive securities fraud, one count of money-laundering conspiracy, and nine counts of money laundering. The district court sentenced him to 180 months' imprisonment, three years of supervised release, and $14,563,848.30 in restitution. Goldenberg was convicted of one count of securities-fraud conspiracy and five counts of substantive securities fraud. The district court sentenced him to 97 months' imprisonment, three years of supervised release, and $2,972,840.14 in restitution. Both defendants appeal the verdicts and sentences. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

## I. William Brown

### A. References to Guilty Pleas of Co-conspirators

Brown argues that his trial was rendered prejudicially unfair when the prosecutor made reference in his summation to the guilty pleas of several co-conspirators who testified against Brown at

---

1. The Honorable Eric N. Vitaliano of the United States District Court for the Eastern District of New York, sitting by designation.

trial. In particular, Brown complains of this statement, which came in over defendant's objection: "Do you think [the cooperating witnesses] would have pleaded guilty to crimes with an aggregate possible ... sentence of ever [sic] a hundred years imprisonment if these were really good deals and there was no stock fraud? Of course not." Despite overruling Brown's objection to the prosecutor's statement, the district court instructed the jury "to draw no inferences of any kind about the guilt of the defendants on trial from the fact that the prosecution witnesses pled guilty to similar or related charges."

A defendant demanding a new trial based on remarks by a prosecutor at trial must demonstrate that "the misconduct alleged [is] so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993). "It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." *United States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir.1992) (internal quotation marks omitted). This is not such a case. "Determination of whether there should be a reversal requires an evaluation of the severity of the misconduct, the curative measures taken, and the certainty of conviction absent the misconduct." *United States v. Rosa*, 17 F.3d 1531, 1549 (2d Cir.1994). Although the prosecutor's statement was improper, *United States v. Louis*, 814 F.2d 852, 856 (2d Cir.1987), it was isolated, and the evidence against Brown was extremely strong. Moreover, the district court gave a clear and correct curative instruction. *Cf. United States v. Ramirez*, 973 F.2d 102, 105 (2d Cir.1992). When a district court gives such an instruction, we reverse only "where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." *United States v. Jones*, 16 F.3d 487, 493

(2d Cir.1994). Again, this is not such a case. *See United States v. Cruz*, 797 F.2d 90, 93 n. 1 (2d Cir.1986) (affirming conviction when district court issued a curative instruction "directed specifically toward" a misstatement made in the prosecutor's summation).

### B. Reasonableness of the Sentence

█ Brown argues that the sentence of 180 months' imprisonment imposed by the district court is substantively unreasonable, despite that it was a 55–month downward variance from the low end of the correctly calculated Guidelines range. The Supreme Court recently confirmed that the courts of appeals review all sentences for abuse of discretion, "whether inside or outside the Guidelines range." *Gall v. United States*, —— U.S. ——, ——, ——, 128 S.Ct. 586, 594, 597, 169 L.Ed.2d 445 (2007). Because Brown alleges no procedural error, we need only "consider the substantive reasonableness of the sentence ... tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 597. While the "length of a sentence can exceed the bounds of 'reasonableness,'" we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). When the sentence is *within* the Guidelines, the defendant bears a significant burden because the Sentencing Commission and the sentencing judge have agreed that the challenged sentence achieves the purposes of § 3553(a). *See Rita v. United States*, —— U.S. ——, —— –– ——, 127 S.Ct. 2456, 2465–67, 168 L.Ed.2d 203 (2007). In this case, the district court's downward variance by almost six years suggests strongly that the sentence is not unreasonably long.

Brown also contends that his sentence must be reversed because Gary Todd, a co-conspirator whom Brown deems equally culpable, received only an 87–month sen-

tence. We do not object to a "district court['s] consideration of similarities and differences among codefendants when imposing a sentence," but "§ 3553(a) does not require district courts to consider sentencing disparity among co-defendants." *United States v. Wills,* 476 F.3d 103, 110 (2d Cir.2007) (internal quotation marks and citations omitted). Moreover, Brown and Todd were not similarly situated: (1) Todd pleaded guilty, entitling him to credit under the Guidelines for acceptance of responsibility; (2) Todd pleaded guilty only to one aspect of the scheme, while Brown was found guilty at trial of two conspiracy counts, five securities-fraud counts, and nine money-laundering counts; and (3) at the trial, evidence was admitted demonstrating Brown's obstruction of justice related to the SEC investigation, exposing him to greater penalties. As such, the district court's sentence was not substantively unreasonable, even when compared to Todd's.

## II. Vlad Goldenberg

### A. Ineffective Assistance of Counsel

■ Goldenberg argues that he received ineffective assistance of counsel when his attorney made arguments in summation which opened the door to the government introducing incriminating statements Goldenberg had made at a proffer session prior to trial. Whatever the merits of Goldenberg's claim, we see no reason to deviate from our "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr,* 343 F.3d 96, 99–100 (2d Cir.2003) (citations and internal question marks omitted); *see also Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Although we will review claims on direct appeal when the record is fully developed and resolution is beyond doubt, *United States v. Garcia,* 413 F.3d 201, 219 n. 13 (2d Cir.2005), these requirements are not

met here, and we decline to review Goldenberg's ineffectiveness claim at this point.

### B. Consciousness–of–Guilt Instruction

■ Goldenberg argues that the district court erred by instructing the jury that it could infer his consciousness of guilt from the testimony of his co-conspirator Mario Rodriguez, that Goldenberg coached him to lie in testimony before the SEC and NASD. There was nothing improper about this instruction; we have held that "a defendant's knowledge of the conspiracy and his participation in it with criminal intent may be established through circumstantial evidence," and "[s]uch circumstantial evidence may include acts that exhibit a consciousness of guilt, such as ... attempts to influence the testimony of a witness." *United States v. Gordon,* 987 F.2d 902, 906–07 (2d Cir.1993) (internal citations omitted). Here the evidence was clear that Goldenberg was impersonating Rodriguez when dealing with his clients because Rodriguez was a licensed broker and Goldenberg was not. When Rodriguez was called to testify before the SEC and NASD, Goldenberg gave Rodriguez significant information about his clients so that Rodriguez could mislead investigators into believing they were his clients and not Goldenberg's. As such, evidence in the record supported giving the instruction. Moreover, the district court committed no error in stating in its instruction that there was evidence that Goldenberg had "coached" Rodriguez, as the record supported that characterization. *See United States v. Lung Fong Chen,* 393 F.3d 139, 153 (2d Cir.2004) ("the district court has broad discretion to decide which facts, if any, it will mention in its comments to the jury" (internal citations omitted)).

### C. Obstruction–of–Justice Enhancement

■ Goldenberg argues that the district court erred by assessing a two-level en-

hancement to his sentence for obstruction of justice under U.S.S.G. § 3C1.1, based on his coaching Rodriguez prior to his SEC testimony. "We review *de novo* the sentencing court's interpretation of the Sentencing Guidelines but review its related findings of fact only for clear error." *United States v. Fiore,* 381 F.3d 89, 92 (2d Cir.2004). An enhancement under § 3C1.1 is appropriate only if the district court makes a finding that the defendant had the specific intent to obstruct justice, and that finding may be made by a preponderance of the evidence. *United States v. Carty,* 264 F.3d 191, 194 (2d Cir.2001) (per curiam). Here, the district court made such a finding, and it was supported by the record. Given the evidence noted above, it was certainly not clearly erroneous for the district court to find that Goldenberg intended to obstruct justice when coaching Rodriguez to lie before the SEC and NASD.

For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED.**